## THE NEWARK.

### (Circuit Court of Appeals, Third Circuit. September 20, 1898.)

#### No. 1.

COLLISION—TUG AND TOW WITH STEAMER—CHANNELS AND PIERS.

A tug with a barge in tow was slowly passing out from her pier into the Hudson river, having given the usual long whistle to notify vessels of her approach, when she received two short whistles from a steamboat, and stopped to allow her to pass to the westward. The steamboat failed to starboard her helm, in accordance with her own signal, until it was too late to avoid collision with the barge, although it was midday, and she had plenty of water way to pursue a safe course. *Held*, that the steamboat was solely at fault, the failure to observe her plain duty being gross negligence.

Appeal from the District Court of the United States for the District of New Jersey.

Flavel McGee, for appellants.

Robert D. Benedict, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. The libel in this case was filed by the Knickerbocker Ice Company, owner of the barge Barmore, against the steamboat Newark, to recover damages for injuries sustained by the barge in a collision with the steamboat on the Hudson river a short distance off the end of pier No. 47, on the easterly side of the river, August 30, 1895. The steamboat was adjudged by the court below to have been solely at fault, and it was decreed that the libelant recover accordingly. A careful examination of the evidence has satisfied us that the decree should be affirmed. No culpability appears on the part of the barge, or of the tug R. G. Townsend, which had the barge in tow on the occasion in question. While slowly passing out under one bell and before leaving the slip the tug blew the usual long whistle to notify vessels on the river of its approach. When the steamboat gave her first signal of two short whistles the tug with the barge promptly stopped in order that the steamboat might safely pass up the river to the westward of them. The signal thus given by the steamboat was a notification to the tug and barge that she would so pass to the westward. If the steamboat had, upon first blowing her whistle, immediately put her helm to starboard she would, according to the evidence, have swung sufficiently to port to enable her to clear the barge. But this she omitted to do; and when she did starboard her helm it was too late. It was in the middle of the day, she had plenty of water way and there was nothing to prevent her from pursuing a proper and safe course. Nothing but gross negligence can account for the omission by the steamboat to observe her plain duty. The decree of the court below is affirmed.